GreeN, J.
delivered the opinion of the court.
This is an action of slander for speaking the words following, viz: “You have killed a negro and nearly killed another:” “I would not give a fourpence for it.” To the declaration there was a demurrer, which was sustained by the court below on the ground that these words are not actionable. It is true these words do not necessarily impute a charge of fel-oniously killing, but it is equally clear that they may have been so understood. They are capable, therefore, of two constructions, the one innocent and the other defamatory. It has been long settled that words are not to be understood in mitiori sensu, as was formerly the rule; for in that case *403 as lord Mansfield said in King vs. Horn, 1 Cowp. 672, a man might defame in one sense and defend in another. The true rule is that words are to be understood in the sense they were calculated to impress on the minds of the hearers. When they are capable of two constructions, in what sense they were used ought to be left t'o the jury as a matter of fact for their determination; and if t-he jury find them to have been used in their worst sense, the court will consider them as having been so used. Starkie on Slander, 36. As we think this case falls within these principles, the demurrer should have been overruled and the cause submitted to a jury.
Reverse the judgment and remand the cause for trial in the court below.